UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Bobby Joe Gilliam, | ) | |
| | ) | C/A No. 6:08-cv-4111-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| City of Greer, a Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the plaintiff Gilliam's Motion to Remand.  For the reasons stated herein, the Court GRANTS the motion and remands the action back to Greenville County, South Carolina Court of Common Pleas.

The plaintiff filed this action on November 26, 2008 in Greenville County, South Carolina Court of Common Pleas alleging various state law causes of action arising out of several instances of alleged wrongful arrests by city police officers.  The defendant removed to this Court claiming this Court has jurisdiction under 28 U.S.C. § 1443 on December 23, 2008.  The defendant alleges that the plaintiff has brought a civil rights action making removal proper as federal question jurisdiction exists.

In order for removal jurisdiction to be proper, a federal court must have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  The burden of proving that removal is proper lies in the removing party, Defendant City of Greer.  *Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003).  The defendant argues

that jurisdiction is proper according to 28 U.S.C. § 1331.  Section 1331 provides that

"district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Defendant

argues that the plaintiff's causes of action arise out of an alleged civil rights violation,

so the case arises under the Constitution of the United States.

The presence of federal question jurisdiction is determined by the well-pleaded

complaint rule. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936). Federal

question jurisdiction exists "only when a federal question is presented on the face of

the plaintiff's properly-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

392 (1987).    Federal law clearly establishes the right of plaintiffs to choose their

forum. "[P]ursuant to the well-pleaded complaint rule, the plaintiff is the master of his

claim, and he may avoid federal jurisdiction by exclusive reliance on state law."

*Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citations omitted).

Based on the well-pleaded complaint rule, this Court holds that Plaintiff's

complaint asserts no federal question, and Plaintiff's claims are properly brought under

state law.  The fleeting reference to the civil rights violation in the Relief section of the

Complaint does not invoke federal jurisdiction.  On the face of the Complaint, the

plaintiff has not alleged a federal civil rights violation nor any other federal claim.  The

causes of action are state law causes of action, so this Court is without jurisdiction.

Page 2 of  3

It is therefore ORDERED that Plaintiff's Motion to Remand is GRANTED.  The

Clerk of Court is directed to remand this action to the Court of Common Pleas

Greenville County State Court.

It is also ORDERED that the proposed amended scheduling order is DENIED

as moot.

AND IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February    19 , 2009
Anderson, South Carolina